CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 1 3 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| TOMMY LEE GOOD,<br><br>Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>Defendant. | Civil Action No. 5:06CV00018<br><br>**MEMORANDUM OPINION**<br><br>By:   Honorable Glen E. Conrad<br>       United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Tommy L. Good, was born on January 29, 1965, and eventually reached the ninth grade in school. Mr. Good has worked as a plumber's helper, electrician's assistant, telephone installer, and construction laborer. Mr. Good alleges that he became disabled for all forms of substantial gainful employment on August 1, 2003, due to diabetes and various musculoskeletal problems. He now alleges that he has remained disabled to the present time. As to his application for disability insurance benefits,

the record reveals that Mr. Good met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 414 and 423.

Mr. Good's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 6, 2005, the Law Judge also ruled that Mr. Good is not disabled. While the Law Judge did not make explicit findings as to the nature or diagnoses of plaintiff's physical impairments, the Law Judge's summary of the evidence suggests findings of Type II diabetes, degenerative arthritis with mild herniation in the cervical spine, hypertension, and a history of surgery for repair of a perforated eardrum. Because of these problems, the Law Judge held that Mr. Good is disabled for his past relevant work roles. The Law Judge assessed plaintiff's residual functional capacity as follows:

> The claimant retains the residual functional capacity to perform a wide range of unskilled work at the light and sedentary levels of exertion. The claimant should avoid overhead reaching, but can lift/carry twenty pounds occasionally and ten pounds, can stand/walk about six hours in an eight hour workday, can sit about six hours in an eight hour workday, and is unlimited in pushing/pulling. No other significant postural, manipulative, visual, communicative, or environmental limitations are found to exist. (TR 23).

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mr. Good retains sufficient functional capacity to perform several specific light and sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Good is not disabled, and that he is not entitled to benefits under either federal program. See, gen., 20 C.F.R. §§ 404.1520(g) and 416.920(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Good has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record confirms that Mr. Good suffers from Type II diabetes, neck and shoulder pain caused by degenerative disease process with mild herniation in the cervical spine, mild hypertension, and a history of left tympanoplasty. While the medical evidence suggests that plaintiff enjoyed good glycemic control for several years, more recent reports indicate that plaintiff's diabetes is not well controlled. Mr. Good also experiences continuing pain in his neck and right shoulder. However, despite these physical problems, the court believes that the Administrative Law Judge properly concluded that plaintiff does not experience any impairment, or combination of impairments, which could be expected to render him disabled for lighter forms of work activity. The court concludes that there is substantial evidence to support the Law Judge's determination that Mr. Good is not disabled for purposes of his claims for social security benefits.

Stated succinctly, no doctor has suggested that Mr. Good is totally disabled for all forms of substantial gainful employment. No doctor has identified such manifestations of diabetes as would be expected to prevent performance of lighter forms of work activity. While Mr. Good's musculoskeletal

3

problems undoubtedly cause substantial pain, and prevent performance of heavier forms of work, there is simply no medical evidence which would indicate that these difficulties are so severe as to prevent performance of lighter work activities which do not involve significant use of the upper extremities. The court finds substantial evidence to support the Law Judge's determination that Mr. Good retains sufficient functional capacity to perform certain light and sedentary work roles such as hand packager, assembler, and inspector. It follows that the Commissioner's final decision denying benefits must be affirmed.

In affirming the final decision of the Commissioner, the court does not suggest that Mr. Good is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff suffers from diabetes that is difficult to control, and that he has developed several early manifestations of this disease process. Moreover, objective studies have confirmed the existence of some cervical problems which could be expected to cause periods of pain and restricted motion. However, it must again be noted that no doctor who has treated plaintiff's problems has suggested that Mr. Good is disabled for all forms of work activity. Indeed, no doctor has suggested invasive treatment for plaintiff's musculoskeletal problems. Furthermore, there is some indication that Mr. Good's diabetic condition is subject to reasonable medical control. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra;

4

Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 13th day of September, 2006.

/s/ Jack Conrad
United States District Judge